UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HI-TECH GAMING.COM LTD., a, Canadian corporation; 615756 N.B. INC., a Canadian corporation; and OWEN MACNEIL,<br><br>        Plaintiffs,<br><br>v.<br><br>IGT, a Nevada corporation,<br><br>        Defendant. | 2:08-CV-00244-PMP-GWF<br><br>O R D E R |

Presently before the Court is Defendant IGT's Motion for Judgment on the Pleadings (Doc. #8), filed on May 13, 2008. Plaintiffs Hi-Tech Gaming.com Ltd. ("Hi-Tech"), Owen MacNeil ("MacNeil"), and 615756 N.B. Inc. filed an Opposition (Doc. #9) on June 2, 2008. Defendant IGT filed a Reply (Doc. #14) on June 20, 2008.

**I. BACKGROUND**

Plaintiffs Hi-Tech and 615756 N.B. Inc. are Canadian corporations, incorporated under Canadian law. (Compl. [Doc. #1] ¶¶ 2-3.) Plaintiff MacNeil is a Canadian citizen. (Id. ¶ 4.) Defendant IGT is a Nevada corporation with its principal place of business in Las Vegas, Nevada. (Id. ¶ 5.)

In September 2002, Defendant IGT and Plaintiff Hi-Tech entered into negotiations to discuss IGT's purchase of Hi-Tech's assets. (Id. ¶ 7.) During negotiations, Hi-Tech was being criminally investigated for possible unlawful behavior on the part of its employees. (Id. ¶ 8.) In spite of the investigation, the parties signed a purchase and sale

agreement on December 31, 2004, at which time IGT obtained all of Hi-Tech's assets. (Id. ¶¶ 10-11.) At IGT's request, the parties entered into an Interim Consulting Agreement ("Interim Agreement"), through which an entity called IGT Canada would pay Hi-Tech a portion of the purchase price for Hi-Tech's assets. (Id. ¶ 12; Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings ("Opp'n") (Doc. #9), Ex. 1 at A-2.) IGT Canada is a Canadian corporation and, according to the Interim Agreement, is IGT's wholly-owned subsidiary.[1] (Opp'n Ex. 1 at 1.) Both IGT and IGT Canada were signatories to the Interim Agreement. (Id. at S-1.)

The Interim Agreement required Plaintiff MacNeil and Bill Hennessey ("Consultants") to obtain gaming licenses without exposing IGT to any future criminal charges brought against Hi-Tech.[2] (Id. ¶ 14.) Under the Interim Agreement, IGT Canada was "contracting with Consultant," and the Consultants were to provide services "requested by" IGT Canada. (Id. at 1.) In turn, IGT Canada would deposit payments into an escrow account and IGT Canada would determine any extensions of the Interim Agreement. (Id. at 7, A-2.) Payments to the Consultants were not conditioned on the Consultants' ability to procure gaming licenses or on any specific monthly performance. (Id. ¶¶ 15-16.) In accordance with the terms of the Interim Agreement, the Consultants initiated the licensing process. (Id. ¶ 17.)

The Interim Agreement contained a Legal Event Provision ("Provision"), which insulated IGT against any wrongdoing by the Consultants. (Id. ¶ 18.) The Provision allowed the Consultants full compensation for the sale of Hi-Tech's assets to IGT by

---

[1] IGT disputes whether IGT Canada is its wholly-owned subsidiary. However, when ruling on a motion to dismiss, the Court accepts the Complaint's allegations as true and considers the Interim Agreement as a document referenced in the Complaint. The Interim Agreement, which IGT and IGT Canada both signed, identifies IGT Canada as IGT's wholly-owned subsidiary. (Opp'n, Ex. 1 at 1.)

[2] IGT had the power to terminate the Interim Agreement under one condition: if events occurred that would jeopardize the status of IGT with gaming regulatory agencies. (Id. at 10.)

allowing the Consultants a three-year window to resolve any charges against them. (Id.) Under the Provision, if the Consultants were criminally charged, payments would be placed into an escrow account. (Id. ¶ 19.) If charges were resolved in the Consultants' favor, the escrow payments would be made to the Consultants. (Id.) In the event that the charges were not resolved in the Consultants' favor within the three-year window, IGT Canada would retain the funds in the escrow account. (Id.)

Two months after execution of the Interim Agreement, MacNeil was charged with criminal wrongdoing, at which time IGT Canada began depositing MacNeil's half of the consulting payments into an escrow account. (Id. ¶¶ 20, 22.) After learning of the charges against him, MacNeil put his gaming license applications on hold. (Id. ¶ 21.) Upon learning of this development, IGT Canada declared MacNeil had materially breached the Interim Agreement by revoking his applications and thereby failed to make good faith progress under the Interim Agreement. (Id. ¶ 23.) IGT Canada failed to make any further payments into escrow. (Id. ¶ 24.) All allegations against MacNeil were dropped one year later. (Id. ¶ 25.) Thereafter, and within the three-year window, MacNeil obtained all available gaming licenses. (Id. ¶ 26-27.)

Under the terms of the Interim Agreement, once MacNeil obtained all gaming licenses, the Interim Agreement would terminate and would be superceded by another agreement, the "Consulting Agreement." (Id. ¶ 30.) The Consulting Agreement contained a Legal Event Provision identical to that in the Interim Agreement. (Id. ¶ 32.) Despite these provisions and even though MacNeil obtained all gaming licenses within the three-year window, IGT Canada continued to refuse to make any further payments. (Id. ¶ 33.)

Plaintiffs filed suit in this Court based on diversity jurisdiction asserting claims against Defendant IGT for breach of the Interim Agreement and breach of the Consulting Agreement. Defendant answered and filed a Motion for Judgment on the Pleadings for failure to join an indispensable party, namely IGT Canada (Doc. #8). Defendant argues

IGT Canada is a necessary and indispensable party whose joinder would destroy diversity and subject matter jurisdiction. Defendant argues that because IGT Canada is the principal party obligated to pay for services under the Interim Agreement and Consulting Agreement, and is the beneficiary of the Consultants' services, IGT Canada is an indispensable party to this litigation. Defendant attaches several documents in support of this motion.

Plaintiffs respond that the attachment of extrinsic documents converts the motion into one for summary judgment. Plaintiffs argue that a summary judgment ruling is premature as no discovery has taken place and it is too early to determine whether there are genuine issues of material fact. Alternatively, Plaintiffs argue IGT Canada is neither a necessary nor an indispensable party, as it is a co-obligor and the wholly-owned subsidiary of IGT, and IGT will represent IGT Canada's interests in this litigation. Plaintiffs offer several exhibits to support their proposition that IGT Canada is IGT's wholly-owned subsidiary.

Defendant replies that IGT and IGT Canada are sister corporations, and therefore there is no privity between the two corporations. Lastly, Defendant reasserts that IGT Canada, not IGT, is the principal obligated party to pay for and receive services under the Interim Agreement and Consulting Agreement.

**II. DISCUSSION**

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for failure to join an indispensable party when joinder is not feasible. Fed. R. Civ. P. 12(h)(2)(B). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs, 543 F.3d 586, 591 (9th Cir. 2008) (quotation omitted). In determining a Rule 12(c) motion, the Court must accept the non-moving party's allegations as true, and assume the moving party's allegations that the non-moving party has denied are false. Hal Roach Studios, Inc. v. Richard Feiner &

4

Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  A party may bring a motion for judgment on the pleadings under Rule 12(c) "[a]fter the pleadings are closed--but early enough not to delay trial."  Fed. R. Civ. P. 12(c).

Generally "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue."  Hal Roach, 896 F.2d at 1550.  If a court considers "matters outside the pleadings," the Court shall treat it as a motion for summary judgment, and shall give all parties reasonable opportunity to present evidence and argument under Federal Rule of Civil Procedure Rule 56.  Fed. R. Civ. P. 12(d).  However, the Court may consider material which is part of the complaint.  Gumataotao v. Dir. of Dep't of Revenue & Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001).  A document is part of the complaint if the complaint specifically refers to or relies on the document and no party questions its authenticity.  Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000).  Additionally, the Court may take notice of matters of public record without converting a Rule 12 motion into one for summary judgment as long as the facts noticed are not "subject to reasonable dispute."  Intri-Plex Tech., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (quotation omitted).

The Court will consider the Interim Agreement and the Consulting Agreement because the Complaint specifically refers to and relies on these documents, and no party questions their authenticity.  However, the Court will not consider the parties' other exhibits as they are matters outside the pleadings and are not subject to judicial notice.

Federal Rule of Civil Procedure 19 sets forth a two-step analysis to determine when joinder of a party is required.  Va. Sur. Co. v. Northrop Grumman Corp., 144 F.3d 1243, 1247 (9th Cir. 1998).  First, the Court must determine whether the absent party is a "person to be joined if feasible," or a so-called "necessary party" under Rule 19(a).  Id.  If the Court finds the absent party is necessary, the second step is to ask whether, "in equity and good conscience" the Court should dismiss the action because the absent party is

1   "indispensable." Id. (quoting Fed. R. Civ. P. 19(b)).

2   **A. Necessary Party**

Under Rule 19(a), a party must be joined as a "necessary" party in two circumstances: "(1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." In re County of Orange, 262 F.3d 1014, 1022 (9th Cir. 2001) (quotation omitted). If the Court finds an absent party is "necessary" under either of these tests, the Court then determines whether joinder is feasible. Id. Joinder is not feasible "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005). If joinder of the necessary party is not feasible, then the Court must determine whether the party is "indispensable" under Rule 19(b). In re County of Orange, 262 F.3d at 1022. To assist the courts in this evaluation, Rule 19 requires pleadings asserting a claim for relief to state "the name, if known, of any person who is required to be joined if feasible but is not joined," and "the reasons for not joining that person." Fed. R. Civ. P. 19(c).

Generally, a party to a contract is considered a necessary party. Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150, 1157 (9th Cir. 2002). However, co-obligors[3] are not inherently necessary parties in breach of contract cases. Trans Pac. Corp. v. South Seas Enter., Ltd., 291 F.2d 435, 436 (9th Cir. 1961). Co-obligors are necessary parties in contract disputes that involve reformation, cancellation, rescission, or otherwise challenge the validity of the contract. United States v. Elfer, 246 F.2d 941, 964 (9th Cir. 1957).

///

---

[3] Co-obligors are "one of two or more persons who have undertaken an obligation." Black's Law Dictionary (8th ed. 2004); see also Trans Pac. Corp. v. S. Seas Enter., Ltd., 291 F.2d 435, 436 (9th Cir. 1961) (describing co-obligors as persons sharing a duty).

Here, Plaintiffs formally sue only IGT, a Nevada corporation.  Plaintiffs attach to their brief a copy of the Interim Agreement they attempt to enforce.  Although Defendant IGT, IGT Canada, and Plaintiff Hi-Tech are all parties to the Interim Agreement, Plaintiffs have not complied with Rule 19(c)'s requirement to identify in their Complaint parties necessary to the action under Rule 19(a).  The Complaint does not mention IGT Canada as another party to the Interim Agreement.  By virtue of its status as a party to the alleged contract, IGT Canada generally would be considered a party that ought to be joined in the action if feasible.  Nor does Plaintiffs' Complaint state the reasons why Plaintiffs did not join IGT Canada.

Plaintiffs argue IGT Canada is not a necessary party because IGT is a co-obligor to the Interim Agreement.  However, IGT and IGT Canada are not co-obligors under the Interim Agreement as they do not share any duties.  IGT and IGT Canada each hold different contractual responsibilities under the Interim Agreement.

Absent the involvement of all parties to the Interim Agreement, a risk exists that the Court will not be capable of providing complete relief.  Although Plaintiffs allege IGT repudiated the contract and refused to make further payments, IGT Canada is also a party to the Interim Agreement and has a legally protected interest in this action.  IGT Canada is therefore a necessary party.

The sole basis for federal court jurisdiction over this case is diversity of citizenship.  Under 28 U.S.C. § 1332, complete diversity must exist such that each plaintiff must be a citizen of a different state than each of the defendants.  Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007).  It is undisputed that IGT Canada and Plaintiffs are citizens of Canada.  Joinder of IGT Canada is not feasible because IGT Canada's presence would destroy diversity and subject matter jurisdiction therefore would be lacking.  Having determined that IGT Canada is a necessary party whose joinder is not feasible, the Court will determine whether IGT Canada is indispensable.

**B.  Indispensable Party**

The determination of whether a party is indispensable lies within the Court's discretion.  Va. Sur. Co., 144 F.3d at 1248.  Rule 19(b) lists four non-exclusive factors for courts to consider in determining whether a necessary party is also indispensable.  Fed. R. Civ. P. 19, advisory committee notes to 1966 Amendment, subdiv. (b) (The four "factors [contained in Rule 19(b)] are to a certain extent overlapping, and they are not intended to exclude other considerations which may be applicable in particular situations.").  The four factors courts should consider are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Wilbur v. Locke, 423 F.3d 1101, 1114 (9th Cir. 2005) (quotation omitted).  A party to a contract is indispensable to litigation seeking to decimate that contract.  Dawavendewa, 276 F.3d at 1157.

When the interests of an absent party are "adequately protected by those who are present," prejudice to the absent party is mitigated.  In re Allustiarte, 786 F.2d 910, 919 (9th Cir. 1986).  For example, some courts have held that where a plaintiff sues a parent corporation, the parent corporation's wholly-owned subsidiary is not an indispensable party.  Extra Equipamentos E Exportacao Ltda. v. Case Corp., 361 F.3d 359, 364 (7th Cir. 2004); In re Cambridge Biotech Corp., 186 F.3d 1356, 1373 (Fed. Cir. 1999); Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc., 142 F.3d 1266, 1272 (Fed. Cir. 1998) (holding parent corporation would protect its subsidiary's patent).  These courts reasoned that a parent and its wholly-owned subsidiary have an "identical incentive" in litigating the action.  Extra Equipamentos, 361 F.3d at 364.  Indeed, the United States Court of Appeals for the Seventh Circuit has stated it has "great difficulty seeing how a 100 percent subsidiary could ever be

an indispensable party." Id.

Other courts have held that a wholly-owned subsidiary is indispensable despite a parent company's presence in litigation when a plaintiff seeks to impose liability on the parent corporation for the subsidiary's acts and the subsidiary entered into contracts which are at the core of the controversy. See Freeman v. Nw Acceptance Corp., 754 F.2d 553, 559-60 (5th Cir. 1985) (where plaintiffs sought to impose liability on parent corporation for acts of subsidiary, subsidiary was "more than a key witness whose testimony would be of inestimable value," but an "active participant" whose joinder was required under Rule 19(b) (quotations omitted)); Glenny v. Am. Metal Climax, Inc., 494 F.2d 651, 653 (10th Cir. 1974) (holding wholly-owned subsidiary is indispensable despite presence of the parent because it has an interest in the litigation); Rivera Rojas v. Loewen Group Int'l, Inc., 178 F.R.D. 356, 365 (D. P.R. 1998) (holding parent-defendant has an interest in avoiding inconsistent relief, multiple litigation, or sole responsibility for a liability which it shares with an absent party or its subsidiary); Johnson & Johnson v. Coopervision, Inc., 720 F. Supp. 1116, 1122-29 (D. Del. 1989) (holding that where a subsidiary plays an active and key role in the contested matter, and the disputed assets and liabilities are assigned to the subsidiary, the subsidiary is an indispensable party despite parent company's presence in the lawsuit.); see also Acton Co. of Mass., Inc. v. Bachman Foods, Inc., 668 F.2d 76, 78, 81 (1st Cir. 1982) (parent that played "substantial role" was indispensable party to action against subsidiary). These decisions are in accord with the legal presumption that two corporations are separate and distinct corporate entities, despite one being the wholly-owned subsidiary of the other. Royal Indus. v. St. Regis Paper Co., 420 F.2d 449, 453 (9th Cir. 1969).

Plaintiffs argue IGT Canada is the wholly-owned subsidiary of IGT and IGT therefore adequately will represent IGT Canada's interests. However, Plaintiffs seek to impose liability on IGT for IGT Canada's acts. The law presumes corporations to be

separate entities, and Plaintiffs have made no allegations IGT and IGT Canada are alter egos. IGT Canada played an active and key role in this dispute, and IGT Canada is the holder of disputed assets and liabilities. IGT and IGT Canada have an interest in avoiding multiple suits or inconsistent relief. Therefore, despite IGT's presence in this litigation, any judgment in IGT Canada's absence would be prejudicial to IGT Canada.

      Prejudice cannot be ameliorated by protective provisions in the judgment, by the shaping of relief, or other measures because under the Interim Agreement, IGT Canada was the beneficiary of services, the obligor of payment, the reasonable determiner of performance, and the only entity capable of extending the terms of the Interim Agreement. Further, any judgment rendered in IGT Canada's absence will be inadequate because IGT Canada was a party to the contract Plaintiffs allege was breached and is the party under the contract's terms that owed the duties Plaintiffs contend were breached. Finally, Plaintiffs have an adequate remedy in Nevada state court. A Nevada state court could grant complete relief among all parties to the contract, as the forum selection clause in the contract subjects all parties to jurisdiction in Nevada state courts. The interests of all parties to the Interim Agreement favor dismissal of this action so that the entire controversy may be settled in a single forum. Therefore, IGT Canada is an indispensable party.

      The Court will grant Defendant's motion for judgment on the pleadings for failure to join an indispensable party. Because joinder of IGT Canada would destroy diversity, this Court will dismiss this action for lack of jurisdiction.

///
///
///
///
///
///

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant IGT's Motion for Judgment on the Pleadings (Doc. #8) is hereby GRANTED and this action is hereby DISMISSED for lack of jurisdiction.

DATED:   November_18_, 2008

_____
PHILIP M. PRO
United States District Judge